## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SUSAN VERES,
4200 Cathedral Ave, #1016
Washington, DC 20016

*Plaintiff,*

v.

BANK OF AMERICA CORP.,
100 North Tryon Street
Charlotte, NC  28255

*Defendant.*

Civil Action No. _____
Removed for the Superior Court of the
District of Columbia, Civil Division
Case No. 2011 CA 000118 B

### NOTICE OF REMOVAL

Defendant Bank of America Corporation[1] ("Defendant" or "Bank of America Corporation"), by counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446(a), and 1653, specially appears and files this Notice of Removal, removing this civil action from the Superior Court of the District of Columbia, Civil Division, to the United States District Court for the District of Columbia.  In support of the Notice of Removal, Bank of America Corporation states as follows:

### I.    FACTS AND PROCEEDINGS

1.    On or about January 6, 2011, *pro se* Plaintiff Susan Veres ("Plaintiff") filed a civil Complaint in the Superior Court of the District of Columbia ("Complaint") based on events

---

[1] Bank of America Corporation is not a proper party to this action, and Bank of America Corporation reserves the right to raise any and all applicable defenses.  Bank of America Corporation's Notice of Removal should not be construed as consent to being a party in this action, or a party on behalf of any unnamed, appropriate party.

related to 4200 Cathedral Avenue, N.W., Unit 1016, in Washington, D.C. 20016 ("Property").

*See generally* Complaint.

2.   In the Complaint, Plaintiff claims that the mortgage is void, asks the Court to compel production of Federal Housing Administration ("FHA") "spot approval documentation," seeks to enjoin Bank of America Corporation from attempting to foreclose on the Property, and asks the Court to prevent Bank of America Corporation from engaging in conduct that would "deny Plaintiff acceptance into the Making Home Affordable Program."[2] *See* Complaint, pp. 2-3; 5-6.

3.   Bank of America Corporation has not been properly served with process pursuant to District of Columbia Code or Rule 4 of the District of Columbia Superior Court Rules of Civil Procedure.   Accordingly, Bank of America Corporation does not waive any objections to improper service of process.

4.   Moreover, even if Bank of America Corporation had been properly served, this removal is timely because it is filed within 30 days of filing of the Complaint and issuance of the summons. *See* 28 U.S.C. § 1446(b).

5.   Bank of America Corporation was, at the time of the commencement of this action, and is, at the present time, incorporated in the state of Delaware with its principal place of business in Charlotte, North Carolina.   Thus, Bank of America Corporation was, at the time of the commencement of this action, and is, at the present time, a citizen of the state of North Carolina and the state of Delaware.

6.   Since the filing of the Complaint, Plaintiff resides in and is a citizen of the District of Columbia. *See* Complaint, p. 2.

---

[2] Plaintiff's *pro se* Complaint is not organized by count or numbered paragraph lines and the exact allegations are convoluted in nature and are not specifically organized in Counts.

7.   In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Defendant is attached as **Exhibit A.**

8.   In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the District of Columbia Superior Court.

9.   In accordance with 28 U.S.C. § 1446(d), Defendant has also given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff.

## II.      JURISDICTION AND VENUE

10. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2010).

11. As required by 28 U.S.C. § 1441(a), Defendant has removed this case to the United States District Court for the District of Columbia, which is the District Court embracing the place where the State Court Action is pending.  Accordingly, venue lies in this Court.

12.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). Specifically, this Court has original jurisdiction of this action because Plaintiff questions the validity of the FHA insurance issued and requests documents, both presumably pursuant to the federal laws and regulations governing FHA insurance. *See* Complaint, pp. 2-3.  Plaintiff also raises claims related to the Home Affordable Modification Program application and specifically seeks to prevent Bank of America Corporation from denying Plaintiff acceptance into HAMP. *See* Complaint, pp. 5-6.  This Court has jurisdiction over the remaining counts pursuant to 28 U.S.C. § 1367.

3

13.     This Court also has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1348. Specifically, this civil action is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Here, Bank of America Corporation is a citizen of North Carolina and Delaware, and Plaintiff purports to be a resident and citizen of the District of Columbia. Accordingly, there is complete diversity among the parties. Moreover, the amount in controversy exceeds $75,000, exclusive of costs and interest, because Plaintiff appears to contend that the mortgage is void or voidable. *See* Complaint, pp. 2-3. The mortgage is in the amount of Two Hundred Twenty Four Thousand Two Hundred Fifty Seven Dollars and 00/100 Cents ($224,257.00). *See* **Deed of Trust**, attached hereto as **Exhibit B**. Further, Plaintiff owes more than $219,154.34 under her loan. *See* Current Account statement, attached hereto as **Exhibit C**. Plaintiff also seeks to enjoin foreclosure on the Property. In actions where injunctive relief is sought, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *accord Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1978) ("[i]n assessing whether a complaint satisfies that standard, a court may look either to the value of the right that plaintiff seeks to enforce or to protect or to the cost to the defendants to remedy the alleged denial"). Further, in injunction suits to protect property, "the value of the property, rather than the specific monetary damage threatened, may be the jurisdictional amount." *Miller v. Woods*, 185 F.2d 499, 500 (D.C. Cir. 1950). Here, the value of the property clearly exceeds $75,000.00. *See* Tax Assessment, attached hereto as **Exhibit D**. Additionally, by avoiding foreclosure and seeking to enjoin enforcement of this debt, Plaintiff effectively avoids her debt of more than $219,154.34. *See* Ex. D. Thus, the jurisdictional minimum is satisfied. *See Hancock v. HomEq Servicing Corp.*, 526 F.3d 785, n.2 (D.C. Cir.

2008) (finding the jurisdictional amount was met where the complaint alleged fraud and other illegal acts in connection with a loan and the defendant bank's claimed interest in the loan was $89,000).

### III.   CONCLUSION

For the foregoing reasons, Bank of America Corporation respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated:  February 4, 2011

Respectfully Submitted,

**BANK OF AMERICA CORPORATION**

*By Counsel*

Marjorie B. Manne (D.C. Bar No. 974851)
MCGUIREWOODS LLP
2001 K Street, NW
Suite 400
Washington, DC 20006-1040
Tel:  (202) 857-1747
Fax: (202) 828-3310
mmanne@mcguirewoods.com
*Attorney for Bank of America Corporation*

## CERTIFICATE OF SERVICE

I certify that on the 4th day of February, 2011, I caused the copies of the foregoing to be sent via U.S. mail, postage-prepaid, to the following:

Susan Veres
4200 Cathedral Avenue, N.W.
Unit 1016
Washington, D.C. 20016
*Plaintiff Pro Se*

Marjorie B. Manne (D.C. Bar No. 974851)
MCGUIREWOODS LLP
2001 K Street, NW
Suite 400
Washington, DC 200096-1040
Tel:  (202) 857-1747
Fax: (202) 828-3310
mmanne@mcguirewoods.com
*Attorney for Defendant Bank of America Corporation*