RECEIVED

JAN 14 '11



OPD

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SUSAN VERES
Vs.
BANK OF AMERICA CORP.

C.A. No. 2011 CA 000118 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JUDITH N MACALUSO
Date: January 6, 2011
Initial Conference: 9:30 am, Friday, April 08, 2011
Location: Courtroom 415
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

**EXHIBIT A**

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION

500 Indiana Avenue, N.W., Room 5000
Washington, D.C. 20001 Telephone: 879-1133

0000118-11

SUSAN VERES

*Plaintiff*

vs.

Civil Action No.

BANK OF AMERICA CORP.

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room 5000 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

SUSAN VERES

Name of Plaintiff's Attorney

4200 CATHEDRAL AVE NW #1016

Address

WASHINGTON, D.C. 20016

(202) 302-0270

Telephone

By Adrienne J. Marsh
Deputy Clerk

Date 1/6/2011

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA 5000.

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM 5000.

Form CV(6)-456/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

AND **If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room 5000 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.**

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

**CIVIL DIVISION**

RECEIVED
Civil Clerk's Office
JAN 06 2011
Superior Court of the
District of Columbia
Washington, D.C.

SUSAN VERES
4200 Cathedral Ave. N.W.
Unit 1016
Washington, D.C. 20016

PLAINTIFF,

V. Civil Action No. 0000118-11

BANK OF AMERICA CORP.
100 N. Tryon St
Charlotte, NC 28255

DEFENDANT.

**COMPLAINT FOR DECLARATORY JUDGMENT AND EQUITABLE RELIEF**

INTRODUCTION

This action arises as a result of Defendant Bank of America Corporation's written intent to breach it's agreement with Plaintiff Susan Veres to freeze any foreclosure activities, including acceleration of the mortgage contract, pending a good faith review of Plaintiff's application to the Making Home Affordable Program and other home retention programs for which Plaintiff may be eligible. Also Plaintiff seeks the court to compel Defendants to provide Plaintiff with a copy of the complete loan documents including the FHA Spot Approval Forms.

## PARTIES

Susan Veres is a District of Columbia resident at 4200 Cathedral Ave. NW #1016 20016.

Bank of America is a national corporation with several offices located in the District of Columbia.

## JURISDICTION

This court has personal and subject matter jurisdiction as the parties' controversy arose in the District of Columbia.

## RELEVANT FACTS

At or around December 22, 2008 Plaintiff purchased a condominium at 4200 Cathedral Ave NW unit 1016 in the District of Columbia. The lender was George Mason Mortgage located in Fairfax Virginia. The property, which was not an FHA pre-approved property was insured by the FHA based upon the "spot approval" or "spot loan" process. Within months of Plaintiff's move into the property, Plaintiff discovered several improprieties with regard to the condominium's financial condition at the time of purchase, including an undisclosed 4 million loan, hidden current and pending assessments and construction projects. Plaintiff filed suit in the DC Superior Court against the condominium's management company on the specific issue of failing to disclose information about the 4 million dollar loan and the issue was resolved in a settlement in September 2010. Following settlement of the matter with the condominium management company, Plaintiff began to research

whether the mortgage loan itself should be voided outright due to the aforementioned improprieties and that information provided for the spot approval was also inaccurate. Somewhere during this contentious period with the condominium, between February 2009 and September 2010, Defendant Bank of America either purchased or serviced Plaintiff's mortgage. This was in spite of the fact that in 2006, the parties stipulated that they would no longer have a business relationship as a result of a settled lawsuit in the DC Superior Court Small Claims and Conciliation Branch regarding alleged unethical practices involving assessments of bank fees and manipulation of deposit dates and times in a checking account which Plaintiff maintained at the bank for 10 years. Plaintiff did contact Defendant to obtain a copy of the FHA documentation provided by the condominium and they stated that Plaintiff would have to go into a Bank of America Mortgage Office to request such information. After several days of unsuccessfully trying to call one of these offices to set up an appointment, Plaintiff contacted a random office in Maryland and was told that the information was erroneous and that a Mortgage office would not be able to obtain such a document. It was also in August 2010, Plaintiff learned that her salary would be cut in half at anytime due to budget shortfalls at her job. At that time Plaintiff researched President Obama's Making Hone Affordable Program and contacted Defendant. Plaintiff at that time had never missed a mortgage payment and acted preemptive and in good faith in accordance with the President's program but was denied help or relief from the Defendant. Defendant stated in a recorded conversation in August that Plaintiff would have to miss at least three mortgage payments before it would entertain any relief under any program. Plaintiff not knowing when her salary reduction would actually take effect did not make any mortgage payments between August and October

although Plaintiff did make complete monthly condominium assessment payments during that time. Plaintiff again contacted Defendants at or around November 15,2010 to again seek relief and make a partial mortgage payment of $500. Defendant stated that Plaintiff did pre-qualify for the Making Home Affordable Program and a forbearance and sent the appropriate forms which Plaintiff completed and mailed by Federal Express on December 4, 2010. Defendant also accepted Plaintiff's $500 payment as a phone check on November 15, 2010. Plaintiff was also told that no foreclosure activities would commence as long as the application was in review.

At or around December 13, 2010 Plaintiff made another phone payment of $2,607 which Defendant also accepted. Plaintiff contacted Defendant to check on status of payment and was informed that Defendant's customer service department inputted the payment with multiple account digit errors. Plaintiff was initially told that the payment could not be corrected so Plaintiff called back to get a different agent who did ultimately correct the error and accept the payment.

At or around December 23,2010 Plaintiff called back Defendant again on the status of the Making Home Affordable application where Plaintiff was told that the reviewer was scheduled to make a decision by May, 2010 and again that no foreclosure activities would commence prior to the decision on the application. Plaintiff was also told at that time only after making a specific inquiry about the payments that Plaintiff's prior two payments of $500 and $2,607 were being returned by Plaintiff's bank. Upon further inquiry these returns were not due to insufficient funds but due to errors made by the Defendant on their submission of the payments. Defendants have never sent

Plaintiff any communication whatsoever that any payments,which they knew were returned by their error, were outstanding. Had Plaintiff not checked on these payments, Plaintiffs would have been deemed non-responsive.

Knowing that no payments had been accepted, at or around December 20,2010 Plaintiff nonetheless received a letter which stated that foreclosure proceedings were going to commence on January 13,2011 and that should Plaintiff pay any past due amounts, any payments returned for any reason would provide them justification to accelerate the loan making it due and payable in full in addition to attorney fees.

ISSUES

1. Plaintiff is entitled upon request documents submitted to FHA by the lender which are germane to the validity of the mortgage loan.

2. Defendant's letter to begin foreclosure is a breach of the parties' modified agreement that Defendant would not commence foreclosure activities while a Making Home Affordable application or other application for relief is pending.

3. Defendant's negligence in submission errors, sabotage or frustrating Plaintiff's good faith efforts to pay is a violation in tort or statute to foreclose on the property in bad faith improperly.

RELIEF SOUGHT

Plaintiff seeks equitable relief to compel Defendant to provide spot approval documentation, stay any foreclosure activities until these issues are resolved by the court and to prohibit Defendant from any retaliatory conduct which would result in an unethical or unlawful attempt to foreclose on Plaintiff's property or deny Plaintiff

acceptance into the Making Home Affordable Program or any other program offered to similarly situated clients for mortgage relief.

**JURY DEMAND**

Respectfully Submitted,

Sun Veres 1/6/11

Susan Veres

4200 Cathedral Ave #1016

Washington, DC 20016